## No. 8909.

### LYNCH *v.* UNION PACIFIC RAILROAD COMPANY.

1. RAILWAY COMPANY—*Responsibility for Freight after Completion of the Carriage.* A railway company which has completed the carriage of goods to destination is thereafter bound to no more than ordinary diligence in their care.

2. —— *After Delivery.* A carload of vegetables had reached destination, and the consignee had paid the freight, accepted delivery, assumed the care, and having constant access to the car was daily removing the vegetables. He had thus continued for seven days. *Held* that the railway company was not liable for the subsequent freezing of the vegetables.

3. APPEAL AND ERROR—*Finding on Conflicting Evidence,* upon the issue on which the case was determined below, will not be disturbed.

*Error to Denver District Court, Hon. George W. Allen, Judge.*

Mr. EDWIN H. PARK, for plaintiff in error.

Messrs. HUGHES & DORSEY, Mr. JOHN Q. DIER, Mr. ROBERT L. STEARNS, for defendant in error.

Chief Justice Hill delivered the opinion of the court:

THE plaintiff in error seeks to recover damages for the destruction of a part of a car load of vegetables, alleged to have been frozen while in a car on the tracks of the defendant in error in Denver. It claims, while the contents of this car were still in the possession of the defendant, that it so negligently cared for the same, by removing without notice to the plaintiff the heating apparatus which the defendant had placed in said car upon its arrival in Denver to prevent the freezing of said vegetables, etc., and that upon account of such negligence they were frozen, etc. The defendant denied any negligence, and, among other defenses, plead delivery to plaintiff of the car and its contents, prior to the time of the freezing complained of, also that it had exercised ordinary care in its custody of the contents of the car, up to the time the plaintiff concedes it received it. Trial was to the court, which, upon conflicting testimony, found the issues in favor of the defendant.

The plaintiff admits that the defendant's liability in the way of an insurer as a common carrier had ceased, but contends that at the time the damage occurred, it was a bailee for hire and cites numerous authorities concerning the duties and liability of a common carrier as a warehouseman, as a bailee for hire, and as a gratuitous bailee. The issues were found generally in favor of the defendant. There is testimony to sustain its contention that this car, or its contents rather, was delivered to the plaintiff before the damage occurred to the vegetables; that it had ac-

cepted the delivery, had assumed the responsibility for its care, and also that before this freeze it had removed a large amount of the vegetables from the car to its place of business, etc. It admits that it had paid the freight, and unloaded ,a part of the car before the remainder was frozen. If the court's finding in defendant's favor was based on the strength of its testimony that delivery had been made, which is sufficient to sustain this conclusion, then the responsibility of the defendant for the safety of the goods had ceased prior to the time the damage occurred and the conclusion reached was correct.

In Vol. 2, Hutchison on Carriers (3rd ed.), Sec. 714, the rule is laid down that, after the carrier's liability as a carrier has ceased (which is conceded here) and it becomes a hired bailee, it is bound to take ordinary care of the goods, and if it suffers them to be damaged or lost for want of such ordinary care, it shall be liable; that when it has once become the bailee of the goods, its liability in that character will continue as long as the goods remain its custody. If the court was of opinion that there had been no delivery of the vegetables which were in the car at the time frozen, and that at that time the defendant was keeping them in its car as a bailee for hire, upon account of its charge for demurrage, then the foregoing rule is applicable, but when thus considered, we find sufficient testimony to sustain a finding that the defendant, under the circumstances disclosed, exercised ordinary care in its custody of that portion of the vegetables frozen until delivery. This was made an issue. The fact that they had frozen while in the car is not conclusive evidence of negligence upon the part of the defendant, especially when it was shown that the plaintiff had access to the car and was daily removing from it a portion of the shipment and thus continued for a period of seven days. As bailee, the defendant was not an insurer of the goods against freezing. This showing, though *prima facie* evidence of negligence, *Nutt v. Davidson,* 54 Colo. 586, 131 Pac. 390, 44 L. R. A. (N. S.) 1170, created as

against defendant's a conflict in the testimony which, if the case was disposed of on this issue, the court decided in favor of the defendant. There being testimony upon which such a finding can be sustained, the judgment will be affirmed.

Affirmed.

Mr. Justice White and Mr. Justice Teller concur.