No. 9614.

THE DENVER & RIO GRANDE RAILROAD CO. *v.* JOHNSON, ET AL.

Decided November 8, 1920.

Action against a railroad company for loss of goods by fire. Judgment for plaintiffs.

### *Reversed.*

1. RAILROADS—*Liability as Warehouseman.* Where there is no negligence on the part of a railroad company, it will not be liable as a warehouseman or bailee, for the loss of goods by fire.

2. *Delivery of Goods—Receipt.* Where goods have reached their destination and the consignee gives his receipt for the same, there is a final delivery and it makes no difference that a part of the goods are temporarily left on the carrier's premises.

3. *Liability for loss of goods.* Where the consignee gives his receipt to a railroad company for goods shipped to him over its line, and removes a part of them, the company will not be liable for damage to, or destruction by fire of the goods remaining on its property.

*Error to the District Court of Costilla County, Hon. Jesse C. Wiley, Judge.*

Mr. E. N. Clark, Mr. G. A. Luxford, for plaintiff in error.

Mr. W. W. Platt, for defendants in error.

*En banc.*

Mr. Justice Allen delivered the opinion of the court.

This is an action for damages for the destruction or injury by fire of certain goods contained in a warehouse and in a freight car of a common carrier, the defendant in this case. The property had been in transit, on defendant's railroad, and had reached its destination. The plaintiffs were the consignees to whom the merchandise in question had been shipped. The cause was tried on agreed facts. Judgment was for plaintiffs, and defendant has sued out this writ of error.

It was stipulated at the trial that the defendant was guilty of no negligence. This admitted fact relieves the defendant of any liability as a warehouseman or bailee. 10 C. J. 246. Plaintiffs' recovery is sought upon the theory that, under the agreed facts and with reference to the property in question, the defendant is liable as a common carrier, under the rule that a common carrier is liable for all loss or destruction of, or injury to, such goods as are in his possession as carrier. The correctness of this theory is the only question to be determined upon this review, and the following are the facts which are material in this connection:

On July 2, 1916, the defendant in its capacity as a common carrier was transporting certain merchandise, consisting of auto casings and horse nails, billed to the plaintiffs at Blanca, Colorado. These goods, on that day, arrived at Blanca, and were unloaded and placed by the defendant in its warehouse at that point. On the same day the defendant was transporting a car of hardware, billed to the plaintiffs, and the car arrived at Blanca. It was spotted at the usual and convenient place for unloading, after 6 o'clock P. M. On the next day, July 3, 1916, and at about

9 o'clock A. M., the defendant's agent at Blanca notified the plaintiffs that the above mentioned goods and hardware had arrived. Some time during that forenoon the plaintiffs signed "lists of said goods, commonly known as 'receipts,' covering all of said goods and hardware." The agreed statement of facts further recites:

"That plaintiffs broke the seal of C. E. & I. car 2697, containing the aforesaid hardware, and unloaded from it into a farmer's wagon one wagonload of wire fence contained in said shipment, and thereupon closed and securely locked said car, during the afternoon of July 3, 1916. The auto casings and horse nails were not removed from defendant's warehouse, although plaintiffs had access to said warehouse and said goods and hardware at all times during the day of July 3, 1916."

At about 2 o'clock A. M. of July 4, 1916, the freight depot and warehouse of the defendant, and the freight car above mentioned, were discovered to be on fire, and were soon burned and destroyed. The destruction of, or injury to, the merchandise consigned to the plaintiffs and which had not yet been removed from the car and from the warehouse, was caused by this fire.

The plaintiffs rely upon the rule that the extraordinary liability of the carrier continues until the consignee has had a reasonable time in which to remove the goods. This rule, however, is usually applied in cases where the shipment, on its arrival at the destination, is awaiting delivery to the consignee. In 10 C. J. 235, the rule is discussed under the heading: "Custody Awaiting Delivery to Consignee." In *D. & R. G. R. R. Co. v. Peterson,* 30 Colo. 77, 69 Pac. 578, 97 Am. St. Rep. 76, cited by plaintiffs, the goods were awaiting delivery, at the time of their destruction by fire.

In the instant case there was a delivery. The signing of the receipts was a delivery of all of the goods involved in this case. In 10 C. J. 248, it is said:

"Where the goods have reached their destination and the consignee gives his receipt for the same, there is a final delivery, and it makes no difference that a part of the

goods are temporarily left on the carrier's premises."

As to the hardware in the car, the plaintiffs assumed control of the same. They had broken the seal and entered the car before the fire occurred. This shows final delivery. 1 Moore on Carriers, p. 200. After completion of the contract of carriage and complete delivery to and acceptance by the consignee, the common carrier is not liable, as such, for loss or injury to the shipment thereafter occurring. 10 C. J. 247, sec. 350; 4 R. C. L. 759, sec. 226. A headnote in the Pacific Reporter to the opinion of this court in *Lynch v. Union Pac. R. Co.*, 65 Colo. 152, 172 Pac. 1062, reads as follows:

"Where railway delivers a carload of vegetables to consignee, who accepts same and starts removing vegetables from the car, the railway's responsibility for the safety of the vegetables ceases; and, where vegetables remaining in the car freeze, the railway is not liable for damages sustained."

Upon the principles announced or applied in the authorities above cited, the defendant in the instant case is not liable, and it was error to render judgment for plaintiffs.

The judgment is reversed, and the cause remanded with directions to dismiss the action.

Mr. Justice Scott and Mr. Justice Bailey not participating.